IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BELVIA LEVKUS** | ) | CIVIL ACTION NO. 18-713 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **MED HEALTH SERVICES, INC.** | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Pending before the court is the partial motion to dismiss filed by defendant Med Health Services, Inc. ("Med Health"). (ECF No. 7). The motion seeks to dismiss a claim under the Pennsylvania Whistleblower Law, Pa. Stat. §§ 1421-1428 (the "Whistleblower Law"), asserted by plaintiff Belvia Levkus ("Levkus"). The motion is fully briefed and ripe for disposition.

I. Factual Background and Procedural History

This action is a wrongful termination of employment case that was originally filed in the Allegheny County Court of Common Pleas and removed by Med Health to this court. Levkus worked as an ultrasound technician at Med Health for ten years until she was fired on January 2, 2018. Levkus alleges that she was fired in retaliation for cooperating with an FBI investigation into illegal conduct at Med Health. Levkus originally asserted claims for: (1) violation of the Whistleblower Law, (2) interference with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., (3) retaliation under the FMLA, (4) wrongful discharge in violation of public policy, and (5) retaliation under the False Claims Act, 31 U.S.C. § 3730.

After Med Health filed a motion for partial dismissal, the parties entered into a joint stipulation (ECF No. 11), as follows: (1) Levkus withdrew her FMLA interference claim; (2) Med Health withdrew its motion to dismiss the wrongful discharge claim; and (3) the Whistleblower Law claim was ripe for decision by the court. Attached to the stipulation is a proposed third amended complaint. (ECF No. 11-1).

II. Legal Analysis

The parties' dispute regarding the Pennsylvania Whistleblower Law presents a pure issue of statutory interpretation, namely, whether Med Health is an "employer" covered by the law. The Whistleblower Law was amended in 2014. It now provides, in relevant part:

> (a)  Persons not to be discharged.--No **employer** may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body **or** an instance of **waste** by **any other employer** as defined in this act.

43 Pa. Stat. § 1423 (emphasis added).

The statute defines several of the disputed terms:

> "**Employer**." A public body **or** any of the following [including a corporation for profit] which **receives money from a public body** to perform work or provide services relative to the performance of work **for** or the provision of services **to a public body**.
>
> . . .
>
> "**Public body**." All of the following:
>
>     (1) A State officer, agency, department, division, bureau, board, commission, council, authority or other body in the executive branch of State government.
>     (1.1) The General Assembly and its agencies.
>     (2) A county, city, township, regional governing body, council, school district, special district or municipal corporation, or a board, department, commission, council or agency.

>     (3) Any other body which is created by Commonwealth or political subdivision authority or which is funded in any amount by or through Commonwealth or political subdivision authority or a member or employee of that body.
>
>     "**Waste.**" An employer's conduct or omissions which **result** in **substantial abuse, misuse, destruction or loss of funds or resources** belonging to **or derived from** Commonwealth or political subdivision sources.
>
>     . . .
>
>     "**Wrongdoing**." A violation which is not of a merely technical or minimal nature of a Federal or State statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer.

43 Pa. Stat. § 1422 (emphasis added).

In 2014, the Whistleblower Law was amended to broaden its scope to cover not only "public bodies" but also "other employers," including private corporations. 43 Pa. Stat. § 1423(a) (employee cannot be disciplined for reporting "an instance of wrongdoing or waste by a public body **or** an instance of **waste** by **any other employer** as defined in this act"). Levkus alleges that Med Health is an "other employer," and therefore she must allege "waste," rather than mere "wrongdoing," to invoke coverage under the Whistleblower Law.[1] Here, Levkus alleges, among other things, that Med Health engaged in systematic efforts to administer unnecessary medical tests with the intent to defraud the government. (ECF No. 6 ¶¶ 24-25). The court concludes that Levkus properly alleged "waste," as defined in the Whistleblower Law. Med Health did not contest this point.

In its reply brief, Med Health argues that it is not a covered "employer" because it does not perform work or provide services "for or to" a public body. Med Health cites the portion of the definition of "Employer" in § 1422 that refers to "performance of work **for** or the provision

---
[1] Levkus also contends that the receipt of Medicare and Medicaid funds transforms Med Health into a "public body." The court need not resolve this dispute.

3

of services **to a public body**" and contends that it provides services to its patients. Med Health further contends that it does not provide health care treatment "because of" a government program, but instead, it treats patients because they are ill. (ECF No. 15 at 4). Finally, Med Health argues that because Medicare is "administered" by Pennsylvania does not mean that it is "funded by" a "public body" as defined in the Whistleblower Law.

These arguments are not persuasive. In *Gratz v. Ruggiero*, No. CV 16-3799, 2017 WL 2215267 (E.D. Pa. May 19, 2017), the court rejected a similar argument and held that a non-profit entity who received Medicaid funding was subject to liability under the Whistleblower Law. The court explained:

> [T]he Pennsylvania Whistleblower Law was amended in 2014 to expand the Law's coverage. *See* 2014 Pa. Legis. Serv. Act 2014-87 (Purdon's). To that end, the legislature amended the definition of "employee" to include a person who works for any "employer," and amended the definition of employer to include not only public bodies, but also individuals, partnerships, associations, and both profit and not-for-profit corporations that "receive[ ] money from a public body to perform work or provide services relative to the performance of work for or the provision of services to a public body." 43 Pa. Stat. Ann. § 1422 (2014). Moreover, the legislative history makes clear that very purpose of the amendment was to "expand coverage of the law to include employees of companies that are performing services for public bodies with public monies." Brian L Ellis, Pa. H.R. Co-Sponsorship Memoranda, H. Bill 105 (Jan. 11, 2013); *see also* Pa. H.R. Comm. on Appropriations Fiscal Note, H. Bill 118, Printer's No. 242 (Feb. 4, 2013).

*Id*. at * 7. Recently, in *Adams v. HCF Management*, No. CV 18-47, 2018 WL 3388404 (W.D. Pa. July 12, 2018), the court agreed with *Gratz*. The court explained that the "very purpose" of the 2014 amendment "was to extend Whistleblower liability to employees of private companies." *Id.* at *3 (citing *Gratz*). The court stated: "HCF --- a private corporation that receives 'money' through the Medicaid program for 'services' provided—appears to fall squarely within the current statute's definition of an 'employer'. . . ." *Id*. The Whistleblower Law claim in *Adams* was dismissed solely because – unlike this case in which waste is alleged -- the plaintiff alleged only "wrongdoing" (a failure to maintain staffing levels) and not "waste." *Id*. at *5.

4

The court agrees with the reasoning in *Gratz* and *Adams*. Levkus properly alleged that Med Health received money from a public body (i.e., Medicaid funds from the Commonwealth of Pennsylvania) for services provided. Med Health's contention that it did not provide services "for or to" the government, because it (apparently altruistically) provided services only to patients who were ill, is not tenable. It is obvious that Med Health performed its services, at least in part, in order to be reimbursed by Medicare and Medicaid. It is not essential that the services be provided directly to the Commonwealth because the statute defines "waste" more broadly to include an employer's conduct which "results" in the loss of funds or resources "belonging to or derived from" the Commonwealth. 43 Pa. Stat. § 1422. The alleged billing of Medicaid for unnecessary medical tests by Med Health, taken as true, clearly resulted in the loss of funds derived from the Commonwealth. At most, Med Health's argument raises a factual issue with respect to its motives, which at the motion to dismiss stage must be resolved in the light most favorable to Levkus.

The complaint alleges abuse of both Medicare and Medicaid. Because Medicare is entirely funded by the federal government, Medicare billing would likely not be subject to the Whistleblower Law. The court need not resolve that issue, however, because Medicaid is a cooperative program that involves Pennsylvania funding. *Commonwealth of Pa. Dep't of Human Servs. v. United States*, No. 17-2088, --- F.3d ---, 2018 WL 3559220, at *1 (3d Cir. July 25, 2018) ("Under this cooperative program, the federal government reimburses a state for a portion of its expenditures. . . ."). In summary, Levkus at least with respect to Medicaid billing pleaded a cognizable claim under the Whistleblower Law.

III. Conclusion

The partial motion to dismiss the Whistleblower Law claim will be DENIED. Levkus must file a third amended complaint which conforms to the parties' stipulation forthwith. Med Health must file an answer to the third amended complaint within 14 days after service.

An appropriate order follows.

August 27, 2018.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge